IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ASTRAZENECA AB, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 20-202-RGA |
| | : | |
| ALEMBIC PHARMACEUTICALS LIMITED, et al., | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

Two of three Defendants (Alembic and MSN but not Zydus) seek permission to file early dispositive motions on the basis that Plaintiff is proceeding on a DOE theory only, as Defendants' ANDA products do not have microcrystalline cellulose (MCC), which is a requirement of the claims. The matter has been submitted on the basis of letters. (D.I. 98, 99, 101, 102). Defendants do not make a very convincing case that if I allow these motions and briefing that I will dismiss the claims against them.

Their letters give no hint of what it is that is in their ANDA products that is asserted to be an equivalent. Defendants say, for example, DOE is prohibited by the disclosure-dedication doctrine. I would think that if the disclosure-dedication doctrine applied, their letters might say, we have "diluent xyz" and that is dedicated in the specification at column a, lines b to c. But there is nothing like that.

They also suggest that they have, not one, but three winning theories. I would expect if Defendants really had identified a winning argument, they would have told me that argument, not just thrown up a laundry list of arguments. Basically, that MCC is spelled out in the claims

and Defendants' products do not have it is not much of a different assertion than would be applicable in every DOE case.

      I will not buy Defendants' pig in a poke.

      Defendants' request for early dispositive motion practice is DENIED.

      IT IS SO ORDERED this 16th day of February 2021.

/s/ Richard G. Andrews
United States District Judge